932 F.2d 980
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Elizabeth A. BUCKLEY, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 91-3069.
 United States Court of Appeals, Federal Circuit.
 April 8, 1991.
 
 Before LOURIE, CLEVENGER and RADER, Circuit Judges.
 CLEVENGER, Circuit Judge.
 
 DECISION
 
 1
 Elizabeth A. Buckley ("Buckley") petitions for review of the final denial by the Merit Systems Protection Board ("Board") of her application for survivor annuity benefits based upon the Civil Service of her former spouse. Buckley v. OPM, No. PH08318910334, Opinion and Order (M.S.P.B. Oct. 11, 1990), modifying-in-part Initial Decision (Aug. 9, 1989). We affirm.
 
 OPINION
 
 2
 Buckley was married on October 24, 1952, and divorced on March 5, 1975. She has not remarried. Buckley claims that, throughout her marriage, the government deducted 7.5% of her husband's pay to finance a future survivor annuity. After the divorce, her husband remarried on December 5, 1975. He retired from Federal service on February 3, 1984. Buckley applied for survivor annuity benefits on July 16, 1988.
 
 
 3
 The Office of Personnel Management ("OPM") denied Buckley's application for a survivor annuity because, under the Civil Service Spouse Equity Act, Pub.L. No. 98-615, 98 Stat. 3195 (1984), as amended by the Federal Employees Benefits Improvement Act, Pub.L. No. 99-251, 100 Stat. 22 (1986), a former spouse was "eligible for this benefit only if no other person is currently receiving or designated to receive a survivor annuity." Letter from Larry Hillwig, Chief of Correspondence and Death Claims Section at OPM, to Buckley (Sept. 12, 1988). Specifically, the Act entitles a former spouse to an annuity if "there is no other person who has been designated to receive a survivor annuity ... by reason of an insurable interest in such employee." Spouse Equity Act, Pub.L. No. 98-615, Sec. 4(b)(4)(A)(ii), codified at 5 U.S.C. Sec. 8341 Note (1988). The record demonstrates that Buckley's former spouse designated his current spouse as the recipient of any survivor annuity upon his retirement. Upon reconsideration, OPM reiterated its decision that she failed to qualify "[s]ince there is currently another person, his wife, designated to receive a survivor annuity." OPM cited 5 C.F.R. Sec. 831.622(a)(2)(v) (1988), promulgated pursuant to the Civil Service Spouse Equity Act and the Federal Employees Benefits Improvement Act, which makes a former spouse ineligible for a survivor annuity if a "current spouse, other former spouse, or insurable interest designee is receiving or has been designated to receive a survivor annuity based on the service of the employee, Member, or retiree." On appeal, the Board affirmed the final denial of Buckley's application because she was ineligible under 5 C.F.R. Sec. 831.622(a)(2)(v), stating that "her former spouse has designated his current spouse to receive a survivor annuity." Opinion and Order at 6.
 
 
 4
 In her petition for review, Buckley contends that we should make a "fairer and more equitable" mathematical allotment of her former spouse's survivor annuity, since the reduction in income to pay for the annuity was shared by her for nearly 23 years of marriage in contrast to the current spouse, who shared that reduction for a much shorter period of time. She also notes that since her former spouse was employed by the federal government throughout their marriage, she is ineligible for Social Security benefits.
 
 
 5
 There is appeal in the inequity of Buckley's position, but we are bound by the statute. Certainly, in providing or modifying financial benefits, Congress must draw lines that in particular circumstances may appear unfair. U.S. Railroad Retirement Bd. v. Fritz, 449 U.S. 166, 175 (1980) (quoting Dandridge v. Williams, 397 U.S. 471, 485-86 (1969) (economics or social welfare legislation does not violate equal protection when it draws imperfect classifications, if the classifications have some rational basis)). Here, the statute prohibits OPM from paying a survivor annuity to a former spouse, divorced before 1978, when the Civil Service employee has designated his current spouse to receive that annuity. Although we may recognize the financial principle that a part of the annuity may have been indirectly derived from Buckley's marital property, the remedy is not with us but with Congress. We affirm the denial of Buckley's application for a survivor annuity.